JACK O'BOYLE & ASSOCIATES, PLLC
P.O. Box 815369
Dallas, TX 75381
P: (972) 247-0653 | F: (972)247-0642
ATTORNEYS FOR EF MORTGAGE LLC BY SERVIS ONE, INC. DBA BSI FINANCIAL SERVICES, LLC AS ATTORNEY IN FACT

## UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| IN RE: § | |
|   RICKY MCMINN JR § | CASE NO.: 23-10394 |
| § | |
| § | CHAPTER 11 |
| _____ § | _____ |
| § | |
| **EF MORTGAGE LLC BY SERVIS ONE,** § | |
| **INC. DBA BSI FINANCIAL SERVICES,** § | |
| **LLC AS ATTORNEY IN FACT** § | |
|   *Movant,* § | |
| § | |
| **V.** § | |
| § | |
| § | |
| § | |
| **RICKY MCMINN JR** § | |
|   *Respondent(s).* § | |
| § | |
| § | |

**EF MORTGAGE LLC BY SERVIS ONE, INC. DBA BSI FINANCIAL SERVICES, LLC AS ATTORNEY IN FACT's MOTION FOR RELIEF FROM THE AUTOMATIC STAY WITH REQUEST FOR WAIVER OF 30-DAY HEARING REQUIREMENT**
**12011 Buckner Road Austin, Texas**

### NOTICE
This pleading requests relief that may be adverse to your interests.

If no timely response is filed within fourteen (14) days from the date of service, the relief requested herein may be granted without a hearing being held.

A timely filed response is necessary for a hearing to be held.

### WAIVER OF THIRTY DAY REQUIREMENT
Movant desires to waive the requirement of a Hearing within thirty (30) days under §362(e) and requests a Hearing at the next available date.

**12011 BUCKNER RD**

MFR-FRCL-WDTX (IN REM)

TO THE HONORABLE JUDGE OF SAID BANKRUPTCY COURT:

NOW COMES EF MORTGAGE LLC by Servis One, Inc. dba BSI Financial Services, LLC as attorney in Fact (hereinafter called "Movant"), and files this Motion for Relief from Stay against Ricky McMinn, Jr. (hereinafter called "Debtor") and would respectfully show unto this Court the following:

## I. INTRODUCTION

1. This Motion is brought pursuant to 11 U.S.C. §362(d) in accordance with Rule 4001 of the Bankruptcy Rules.

2. On or about June 05, 2023 Debtor filed a petition for an order of relief under Chapter 11 of the Bankruptcy Code.

## II. THE PROMISSORY NOTE

3. Movant is the owner and holder of a Note executed by RICKY MCMINN JR., MELANIE RACHAEL STRONG on 03/16/2022 and in the original principal sum of $1,819,000.00. A true and correct copy of the Note is attached to the affidavit in support of this motion as **Exhibit A-1.**

## III. THE DEED OF TRUST

4. The indebtedness to Movant is secured by a Deed of Trust, Assignment of Rents, and Security Agreement (Deed of Trust) dated 03/16/2022 and executed by RICKY MCMINN JR. and MELANIE RACHAEL STRONG, which placed a lien in favor of the note holder on the real property and improvements thereon described as:

> 13.1690 ACRES OF LAND, MORE OR LESS, OUT OF THE W. A. KING
> 
> SURVEY NO. 540, ABSTRACT NO. 467,
> 
> SITUATED IN TRAVIS COUNTY, TEXAS, BEING THAT CERTAIN
> 
> CALLED 13.170 ACRE TRACT OF LAND AS
> 
> CONVEYED TO JAMES A. KINDRED BY INSTRUMENT RECORDED IN
> 
> DOCUMENT NO. 2000009580, OF THE

**12011 BUCKNER RD**

MFR-FRCL-WDTX (IN REM)

OFFICIAL PUBLIC RECORDS OF TRAVIS COUNTY, TEXAS. SAID 13.1690 ACRE TRACT BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS IN EXHIBIT "A-1", ATTACHED HERETO AND MADE A PART HEREOF FOR ALL PURPOSES. TOGETHER WITH THAT CERTAIN ACCESS EASEMENT DESCRIBED IN VOLUME 6028, PAGE 1857 AND VOLUME 8274, PAGE 956, DEED RECORDS, TRAVIS COUNTY, TEXAS.

COMMONLY KNOWN AS: 12011 BUCKNER RD, AUSTIN, TX 78726 (the "Subject Property").

A true and correct copy of the Deed of Trust and Assignment Chain (if applicable) is attached to the affidavit in support of this motion as **Exhibit A-2.**

### IV. MOVANT'S RELATIONSHIP TO BSI FINANCIAL SERVICES

5. EF MORTGAGE LLC is the owner and holder of the loan. SERVIS ONE, INC. DBA BSI FINANCIAL SERVICES, LLC AS ATTORNEY IN FACT is the Mortgage Servicer of the loan.

### V. THE NATURE OF THE LOAN

6a. The Note evidenced the advance to Debtor by the original lender for the purchaser money **non-homestead** single family residence. It was not a home equity loan. (**see,** *Deed of Trust Addendum paragraph 8)* The proceeds could only be used to purchase the subject property; complete construction of improvements on the Subject Property; or to renew and extend loans which had superior priority. The proceeds could *not* be used for personal, family or household purposes. (**see** *note paragraph 12)*

6b. As part of the loan documents, Debtor signed a Certificate of Business and/or Commercial Purpose of Loan (*Exhibit A-3 to affidavit)* and Declaration of Non-Owner Occupancy (*Exhibit A-4 to*

*affidavit)* These exhibits underscore the point that this was a commercial loan (as opposed to consumer) and that Debtor will neither occupy the Subject Property or claim it as his homestead.

6c. The note provided for monthly interest only payments of $15,143.18 beginning on May 1, 2022 and ending on March 31, 2023.

6d. The note matured on April 1, 2023.

6e. The proof of claim filed by Movant (Claim Number 3) reflected that the total indebtedness at that time was $1,947,281.69. Movant requests this court take judicial notice of said proof of claim and all attachments thereto.

6f. Attached to the affidavit in support of this motion is a payoff statement good through September 21, 2023, reflecting the total debt due at that time was $2,003,570.46 (***Exhibit A-5 to affidavit***)

6g. Per the payoff statement, daily non-default interest accrues in the amount of $504.77 each day.

## VI. THE SUBJECT PROPERTY AND ITS VALUATION

7. As set forth on the Deed of Trust, the Subject Property encompasses approximately 13.1690 acres of land together with the improvements thereon.

a. Per the Travis County Central Appraisal district report attached to the affidavit in support of this Motion as *Exhibit A-5,* The subject Property consists of a single family dwelling containing approximately 4,800 square feet and one or more barns which contain approximately 5,000 square feet.

b. The assessed value for 2022 of the Subject Property was $523,470.00.

b1. The property taxes for 2022 on the Subject Property were $10,105.87 were paid <u>by Movant</u> or its mortgage servicer. A true and correct of a statement from the Travis county taxing authority reflecting the tax payment in May of 2023 is attached to the affidavit in support of this Motion as (***Exhibit A-6 to affidavit)***.

b2. The assessed value for 2023 of the Subject Property is $1,389,871.00. Movant does not know what the 2023 taxes will be on the Subject Property but believes they will be no less than $20,000 based upon the increased valuation of the property.

8. Debtor's Schedule A/B places a value of $2,200,000 on the Subject Property. Movant does not dispute will accept that valuation.

**12011 BUCKNER RD**

MFR-FRCL-WDTX (IN REM)

## VII. FORECLOSURE PROCEEDINGS

9. Debtor defaulted on his obligations to Movant as he failed to pay off the loan on or before April 1, 2023. Movant posted the Subject Property for sale on June 6, 2023. A true and correct copy of the notice of sale is attached to the affidavit in support of this motion as (*Exhibit A-7*). Debtor filed this bankruptcy case on June 5, 2023.

## VIII. BASIS FOR TERMINATING THE AUTOMATIC STAY

10. "Cause" exists to terminate the stay for the following reasons:

a. The underlying loan was a commercial loan to finance a business venture which Debtor testified at the first meeting of creditors would consist of a number of dwellings on the Subject Property which would either be sold or leased. The Loan Documents clearly state that the proceeds were not be used for personal, family or household purposes. Debtor expressly that he would not reside in the Subject Property and it would not be his homestead. Debtor's homestead is located at 1139 Stephanie Lane, Austin, Texas;

b. Debtor's Income Schedule I reflects a monthly **deficit** of $16,822.00. Movant has already paid the 2022 property taxes ($10,105.87 as reflected in the EscrowBalance on payoff) and anticipates that 2023 taxes will be in excess of $20,000. Debtor does not have the resources to pay these taxes and Movant will in all likelihood be compelled to pay them to protect its interest in the Subject Property. It is therefore highly unlikely that any Chapter 11 plan proposed by Debtor will be feasible.

c. Debtor testified at the first meeting of creditors that he would "do what it takes" to save the Subject Property but he has done nothing to advance this case. He testified that he could sell the properties located at 16500 Park View and 1139 Stephanie Lane and use the proceeds to substantially pay down the debt to movant. Movant is not aware that the Stephanie Lane property is listed for sale. Movant would point out

**12011 BUCKNER RD**
MFR-FRCL-WDTX (IN REM)

that the property on Park View is subject to a contract for Deed so Debtor will not be able to sell that property until the contract is paid off. Debtor estimates the amount necessary to pay off the contract for deed to be $30,000. Given the Debtor's disclosed financial resources, it is unlikely that he will be able to pay off the contract for deed on Park View.

11. There is no cushion in the Subject Property. If the property brought a gross sales price of $2,200,000 and the payoff is $2,023,570.46 (includes $20,000 in estimated 2023 property taxes, Movant estimates Debtor has no "equity" in the Subject Property:

$2,200,000. Gross sales price

Less ($2,023,570.46 (payoff including 2023 property taxes ) *Note that this figure does not factor in daily interest of $504.77)*

= 176,430.00

Less $220,000.   (10% closing costs)

= (43,570)

12. Movant submits as there no equity in the Subject Property and as he already has a homestead at 1139 Stephanie Lane, the Subject Property is not necessary to his reorganization.

## IX.     RELIEF SOUGHT

13. For the reasons set forth above, "cause" exists to terminate the Automatic Stay.

14. For the reasons set forth above, there is no equity in the Subject Property and it is not necessary to his bankruptcy reorganization.

15. In the event the Automatic Stay is not unconditionally terminated, Movant requests that this court enter an order conditioning the continuation of the Automatic Stay and awarding Movant reasonable attorneys fees.

## X.     WAIVER OF 4001(A)(3)

16. The provision of Rule 4001 (a) (3) should be waived and Movant be permitted to immediately enforce and implement any order granting relief from the Automatic Stay.

**12011 BUCKNER RD**

MFR-FRCL-WDTX (IN REM)

WHEREFORE, PREMISES CONSIDERED, Movant prays that upon final hearing of this Motion, the Automatic Stay be unconditionally terminated to permit Movant to take all steps necessary to foreclose its lien on the Subject Property in accordance with applicable law. Movant prays that the provisions of Rule 400l(a)(3) not apply to any order issued by this Court in connection with this motion. Movant prays for such other and further relief, at law or in equity, to which it may show itself justly entitled.

*Respectfully Submitted,*
JACK O'BOYLE & ASSOCIATES, PLLC

*/s/ Jack O'Boyle*
Jack O'Boyle
TX Bar No.: 15165300
P.O. Box 815369
Dallas, Texas 75381
P: 972.247.0653
F: 972.247.0642
E: ecf@jackoboyle.com
ATTORNEYS FOR EF MORTGAGE LLC BY SERVIS ONE, INC. DBA BSI FINANCIAL SERVICES, LLC AS ATTORNEY IN FACT

**12011 BUCKNER RD**

MFR-FRCL-WDTX (IN REM)

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the above and foregoing pleading has been sent to the persons listed below electronically or by first class mail on August 30, 2023.

Ricky McMinn Jr
1139 Stephanie Lee Lane
Austin TX 78753

Eric A. Liepins
12770 Coit Rd., Suite 850
Dallas TX 75251

                                               /s/ *Jack O'Boyle*
                                               Jack O'Boyle