

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: November 15, 2023.**

**SHAD M. ROBINSON**
**UNITED STATES BANKRUPTCY JUDGE**

___

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE:<br>RICKY MCMINN JR | §<br>§<br>§<br>§<br>§ | CASE NO.: 23-10394<br><br>CHAPTER 11 |
| EF MORTGAGE LLC BY SERVIS ONE, INC. DBA BSI FINANCIAL SERVICES, LLC AS ATTORNEY IN FACT<br><br>V.<br><br>RICKY MCMINN JR | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |

**AGREED ADEQUATE PROTECTION ORDER**

**12011 BUCKNER ROAD AUSTIN, TEXAS 78726**

Came on to be heard the Motion for Relief from Automatic Stay filed by EF

MFR-FRCL (AO) (WDTX)      12011 BUCKNER RD      

Mortgage, LLC by Servis One, Inc., dba BSI Financial Services, LLC as Attorney in Fact (MOVANT). Both parties appeared and announced that they had reached an agreement regarding the relief sought by Movant. This Court finds that all required notices of the Motion and hearing thereon have been properly served.

Based upon the agreement of the parties, IT IS THEREFORE ORDERED THAT the Automatic Stay is continued but CONDITIONED UPON Debtor's compliance with the following conditions:

### One Time Payment

1. On or before October 30, 2023, Debtor shall tender a certified check payable to MOVANT in the amount of $300,000 to his counsel Eric A. Liepins. Mr. Liepins shall certify receipt of said check by sending an email to jack@jackoboyle.com sating he has possession of the cashier's check.

2. Upon entry of this order, Mr. Liepins will overnight the cashier's check to MOVANT at the following address: 314 S. Franklin Street P.O. Box 517 Titusville, PA 16354. Wire transfer instructions shall be furnished upon Debtor's request.

3. Upon receipt of the One Time Payment, Movant shall apply it to reduce the outstanding balance owed to it by Debtor.

### Adequate Protection Payments

4. Commencing on December 1, 2023, Debtor shall make five (5) adequate protection payments to MOVANT of $20,000 each. These payments shall be in the form of a cashier's check payable to MOVANT and transmitted to MOVANT's address set forth in paragraph two of this order.

5. MOVANT shall apply the Adequate Protection Payments to reduce the

**12011 BUCKNER RD**

MFR-FRCL (AO) (WDTX)

outstanding balance owed to it by Debtor.

### Casualty Insurance

6. Debtor shall maintain casualty insurance on the property located at 12011 Buckner Road Austin, Texas (the Subject Property as is more particularly described on Exhibit A to this Order) which identifies Movant as the lienholder. On or before March 16, 2024, Debtor will provide a copy of the renewal policy of the existing policy to MOVANT at the address set forth in paragraph 2 of this order. Debtor shall indicate in the transmittal correspondence the loan number the policy is associated with.

### Posting Subject Property For Foreclosure Sale

7. MOVANT shall be allowed to send all notices required by applicable law and the Deed of Trust executed by Debtor to post the Subject Property for a non-judicial foreclosure sale April 2, 2024, and each month thereafter (if necessary). In the event the total indebtedness owed MOVANT is not paid in full by April 1, 2024, **or the Debtor has not confirmed a Plan of reorganization that pays the Movant's claim in full**, MOVANT may complete the non-judicial foreclosure sale on April 2, 2024, or on any subsequent first Tuesday the Subject Property is posted for sale.

### Event of Default

8. In the event that Debtor fail to comply with any of the conditions set forth in Paragraphs 1 through 6 of this Order, Movant's may send Debtor by first class mail and Debtor's counsel via email to eric@ealpc.com written notice of the noncompliance which affords Debtor ten days from the date of the

notice to cure the event of non-compliance. If the event of non-compliance is not fully cured by the eleventh day from the notice, the Automatic Stay as to Movant, its successors and/or assigns, shall be terminated without notice or order of the Court, and Movant, its successors and/or assigns, shall be permitted to foreclose its lien on the Subject Property and thereafter secure possession of same in accordance with applicable law.

9. Debtor's right to notice of non-compliance is expressly limited to one (1) event of non-compliance. Upon a second event of noncompliance, the Automatic Stay as to Movant, its successors and/or assigns, shall be terminated without further notice or order, and Movant, its successors and assigns, shall be permitted to foreclose its lien on the Subject Property and thereafter secure possession of same in accordance with applicable law.

10. In the event the Debtor converts this case to a Chapter 7 during the pendency of this bankruptcy case, the Automatic Stay shall Automatically terminate to permit MOVANT to foreclose its lien on the Subject Property and thereafter secure possession of same in accordance with applicable law..

IT IS FURTHER ORDERED that the provisions of Bankruptcy Rule 400l(a)(3) are waived and the Order.

###END OF ORDER###

**12011 BUCKNER RD**

MFR-FRCL (AO) (WDTX)

**AGREED TO AND APPROVED BY:**

| **ERIC A. LIEPINS, P.C.**<br><br>/s/ Eric Liepins<br>ERIC A. LIEPINS<br>SBN: 12338110<br>12770 Coit Rd., Suite 850<br>DALLAS, TX 75251<br>P: (972) 991-5591<br>F:<br>E: eric@ealpc.com<br>ATTORNEYS FOR DEBTOR | **JACK O'BOYLE & ASSOCIATES, PLLC**<br><br>/s/ Jack O'Boyle/<br>Jack O'Boyle<br>SBN: 15165300<br>P.O. Box 815369<br>Dallas, Texas 75381<br>P: 972.247.0653<br>F: 972.247.0642<br>E: ecf@jackoboyle.com<br>ATTORNEYS FOR MOVANT |
|---|---|